IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    REGINALD ROBERTSON, JR. :
: CASE NO.
: CHAPTER 13 PLAN
Debtor(s) :
:
: ( ) MOTION TO AVOID LIENS
: ( ) MOTION TO VALUE COLLATERAL
:
: ( ) ORIGINAL PLAN
: ( X) ( 2nd) AMENDED PLAN

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS

**DISCHARGE:**

( X ) The debtor will seek a discharge of debts pursuant to Section 1328(a).

( ) The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISION:**

( ) This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

Case 1:16-bk-03749-RNO    Doc 34    Filed 05/18/17    Entered 05/18/17 13:14:10    Desc
Main Document    Page 1 of 10

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the debtor(s) have paid $ 1,540.00  (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ 25,000.00 plus other payments and property state in Section 1B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Pymts | Total Payment |
    |---|---|---|---|---|
    | 5/2017 | 9/2021 | $418.93 | | $418.93 |
    | | | | | |
    | | | | | |
    | | | | | |
    | | | | | |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:  ( ) Debtor(s) is at or under median income

    ( ) Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: $_____ from the sale of the property known and designated as: ___ _____ All sales will be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____
    _____

2. Other payments from any source(s) shall be paid to the Trustee as follows:
   _____
   _____

3. The Debtor estimates that the liquidation value of this estate is $_____
   (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

   A. <u>Pre –Confirmation Distributions</u>. Adequate protection payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from debtors.

| Name of Creditor | Address | Account # | Est. Monthly Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor.</u> Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Chase | 267 S 12th Street | $524.95 | $51,393.21 |
| | | | |
| | | | |
| | | | |

C.    <u>Arrears:</u> The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Est Pre-petition Arrears to be cured | Est Post-petition arrears to be cured | Est total to be paid in plan |
|---|---|---|---|---|
| Chase | 267 S 12th Street | $11,533.22 | | $11,533.22 |
| PA Dept of Revenue | | $1,133.00 | | $1,133.00 |
| | | | | |

D.    <u>Secured Claims Paid According to Modified Terms.</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN. (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

*PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims:</u> (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to Be paid In plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

F. <u>Surrender of Collateral:</u> Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. <u>Lien Avoidance.</u> The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant

to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>

Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

( ) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**
   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Dept of Revenue | $1,174.91 |
|  | $ |
|  | $ |
|  | $ |

Payments from the plan will be made by the trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 5/18/17                     /s/ James H. Turner
                                   James H. Turner
                                   Attorney for Debtor

/s/ Reginald Robertson, Jr.
Reginald Robertson, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    REGINALD ROBERTSON, JR. : Case No. 1:16-bk-03749
:
:
    Debtor :

## CERTIFICATE OF SERVICE

    I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of the **Notice and Amended plan** to all creditors listed on the attached mailing matrix.

    See attached

Date: 5/18/2017
/s/ James H. Turner, Esquire
James H. Turner
Turner and O'Connell
4701 North Front Street
Harrisburg, PA 17110
(717) 232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
REGINALD ROBERTSON : BK. NO. 1:16-03749
:
Debtors :

## NOTICE TO CREDITORS OF CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

Please note that a confirmation hearing has been scheduled for the Debtor on the date indicated below.

A deadline of **June 15, 2017** has been set for objections to the confirmation of the plan. Any objections to confirmation of the plan will be heard at this hearing. Counsel should be prepared to proceed with said hearing on any unresolved objections to the Plan at this time.

| United Stated Bankruptcy Court Ronald Reagan Federal Building, Bankruptcy Courtroom (3rd Floor) Third & Walnut Streets Harrisburg, PA 17101 | Date: June 28, 2017 Time: 10:00 AM |
|---|---|

A copy of the plan can be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

*Any objections to confirmation of the plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the plan at this time.*

US Bankruptcy Court
Ronald Reagan Federal Building
PO Box 908
Harrisburg, PA 17108
(717)901-2800

Date: May 18, 2017

/s/ James H. Turner, Esquire
James H. Turner, Esquire
Turner and O'Connell
4701 N Front Street
Harrisburg, PA 17110
(717)232-4551

```
Label Matrix for local noticing          Capital One NA                           Chase
0314-1                                   c/o Becket and Lee LLP                   PO Box 24696
Case 1:16-bk-03749-RNO                   PO Box 3001                              Columbus, OH 43224-0696
Middle District of Pennsylvania          Malvern PA 19355-0701
Harrisburg
Thu May 18 13:05:10 EDT 2017

Charles J DeHart, III (Trustee)          Discover                                 Discover Bank
8125 Adams Drive, Suite A                PO Box 71084                             Discover Products Inc
Hummelstown, PA 17036-8625               Charlotte, NC 28272-1084                 PO Box 3025
                                                                                  New Albany, OH  43054-3025

Joshua I Goldman                         JPMorgan Chase Bank, National Association   Met Ed
KML Law Group, P.C.                      Attn: Correspondence Mail                PO Box 3687
701 Market Street                        Mail Code LA4-5555                       Akron, OH 44309-3687
Suite 5000                               700 Kansas Lane
Philadelphia, PA 19106-1541              Monroe LA 71203-4774

Pennsylvania Department of Revenue       Thomas I Puleo                           Recovery Management Systems Corporation
Bankruptcy Division PO Box 280946        KML Law Group, P.C.                      25 SE 2nd Avenue, Suite 1120
Harrisburg, PA 17128-0946                701 Market Street                        Miami, FL 33131-1605
                                         Suite 5000
                                         Philadelphia, PA 19106-1541

Recovery Management Systems Corporation  Reginald McKoy Robertson Jr              James H Turner
25 S.E. 2nd Avenue, Suite 1120           267 S 12th Street                        Turner and O'Connell
Miami, FL 33131-1605                     Lebanon, PA 17042-6614                   4701 North Front Street
                                                                                  Harrisburg, PA 17110-1711

(p)UGI UTILITIES INC                     United States Trustee                    James Warmbrodt
ATTN CREDIT & COLLECTIONS                228 Walnut Street, Suite 1190            701 Market Street Suite 5000
P O BOX 13009                            Harrisburg, PA 17101-1722                Philadephia, PA 19106-1541
READING PA 19612-3009
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
UGI
225 Morgantown Road
Reading, PA 19611-1949
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)JPMORGAN CHASE BANK, NATIONAL ASSOCIATION    End of Label Matrix
                                                Mailable recipients   17
                                                Bypassed recipients    1
                                                Total                 18
```